Filed 1/8/24  P. v. Trotter CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAMON TROTTER,<br><br>    Defendant and Appellant. | B329822<br><br>(Los Angeles County<br>Super. Ct. No. NA058971-02) |

APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Reversed with directions.

Lauren Noriega for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

In 2005 a jury convicted Ramon Trotter of first degree murder, three attempted murders, and related crimes in connection with a shooting spree on the freeway.  The jury also found true the special circumstance allegation the murder was committed "by means of discharging a firearm from a motor vehicle, intentionally at another person or persons outside the vehicle with the intent to inflict death."  (Pen. Code, § 190.2, subd. (a)(21).)[1]  The trial court sentenced Trotter on the murder conviction to a prison term of life without the possibility of parole, and on each of the three attempted murder convictions to life in prison with a minimum parole eligibility of seven years.  The court also imposed additional terms for various firearm enhancements.  We affirmed Trotter's convictions on direct appeal.  (*People v. Trotter* (July 25, 2007, B187097) [nonpub. opn.] (*Trotter I*).)

In 2021 Trotter filed a petition under section 1172.6 (former section 1170.95), which, as amended effective January 1, 2022, authorized certain individuals convicted of murder under the felony-murder rule or murder, attempted murder, or voluntary manslaughter under the natural and probable consequences doctrine, to petition for resentencing.  After finding Trotter had made a prima facie showing he was eligible for relief, the superior court issued an order to show cause, held an evidentiary hearing, and denied the petition.

Trotter appealed from the order denying his petition, arguing the prosecution failed to prove beyond a reasonable doubt he was ineligible for relief under section 1172.6.  We

---

[1]     Statutory references are to the Penal Code.

2

reversed the order denying Trotter's petition on one of his three attempted murder convictions, modified the judgment to vacate his conviction and sentence on that conviction, and otherwise affirmed. (*People v. Trotter* (Oct. 20, 2022, B318152) [nonpub. opn.] (*Trotter II*).)

In March 2023 Trotter filed a motion asking the court for a resentencing hearing under the full resentencing rule in *People v. Buycks* (2018) 5 Cal.5th 857. In *Buycks* the Supreme Court held that, "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances,'" and that "the resentencing court may consider 'any pertinent circumstances which have arisen since the prior sentence was imposed.'" (*Id.* at p. 893.) Trotter argued that the Supreme Court's decision in *Buycks* required the superior court to resentence him on all of his convictions under current California law, correct various sentencing errors, and consider his post-sentencing conduct in prison.

The superior court denied Trotter's motion "as non-justiciable." The court ruled that this court's decision in *Trotter II* was "law of the case" and that "jurisdiction is with the Court of Appeal to modify its decision on resentencing." The court stated: "I think that the law of the case, as far as this court is concerned, is the Court of Appeal decision. And so, you know, your remedy should really be to petition for review with the California Supreme Court, not to come back and relitigate this same issue with the Superior Court. Procedurally, that is the way it should work, right? We don't come back down as soon as the Court of Appeal makes a decision, you go up. Why am I

3

giving this a second shot?"  The court further stated:  "You know, I don't believe, and I rule at this time, that the case is non-justiciable to be relitigated for that issue because the law of the case is the Court of Appeal decision.  The Supreme Court of California doesn't have to do that.  They can always consider a petition for review, but that is a different avenue.  You know, that is not within the jurisdiction of this court."

Trotter argues, the People concede, and we agree the superior court erred in refusing to conduct a full resentencing after *Trotter II*.  (See *People v. Buycks*, *supra*, 5 Cal.5th at p. 893; *People v. Jones* (2022) 79 Cal.App.5th 37, 46; see also *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 927 [because of ameliorative legislative changes in the law, a full resentencing on remand is appropriate].)  "Resentencing is not limited to 'just the portion [of the sentence] subjected to recall"; instead, "'the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant.'"  (*People v. Trent* (2023) 96 Cal.App.5th 33, 44.)  As the People put it, quoting section 1172.6, subdivision (d)(1), "the superior court erred in concluding that it lacked jurisdiction to resentence [Trotter] or address his claims of sentencing error.  The proper remedy is to remand for a full resentencing hearing in accordance with section 1172.6's mandate that, upon vacating a conviction under that section, the court must 'resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.'"  Exactly.

4

The order denying Trotter's motion for a full resentencing is reversed.  The superior court is directed to conduct a full resentencing under *People v. Buycks*, *supra*, 5 Cal.5th 857.


SEGAL, Acting P. J.

We concur:


FEUER, J.


EVENSON, J.*

---

\*     Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.